UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20777-WILLIAMS/REID

JOHN LaROCCO,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Royal Caribbean Cruises Ltd.'s ("Royal Caribbean") Motion for Summary Judgment. [ECF No. 31]. United States District Court Judge Kathleen M. Williams referred the motion to me for a report and recommendation. [ECF No. 35]. The Court has carefully considered the Complaint, Royal Caribbean's Motion for Summary Judgment and statement of material facts, Plaintiff's response to the motion for summary judgment and response to Royal Caribbean's statement of material facts, Royal Caribbean's reply in support of its Motion and response to Plaintiff's statement of material facts, and the applicable law. [ECF Nos. 1, 31, 30, 42, 41, 47, 46]. For the reasons discussed below, it is **RECOMMENDED** that Royal Caribbean's Motion for Summary Judgment [ECF No. 31] be **DENIED**.

**I.   BACKGROUND**

This tort action arises from injuries Plaintiff John LaRocco ("Plaintiff") sustained while a passenger aboard Royal Caribbean's cruise ship, the *Explorer of the Seas*. [Amended Complaint,

ECF No. 1, ¶ 9-10]. The following facts are undisputed.[1] On May 8, 2022, Plaintiff boarded *Explorer of the Seas* in Miami, Florida, as part of a back-to-back cruise vacation. [ECF Nos. 30 ¶ 5-6]. During the duration of the first cruise, which lasted six days, Plaintiff was on the pool deck on at least five occasions where he did not wear shoes into the pool and walked barefoot on the pool deck. [*Id.* at ¶¶ 7-8].

On May 14, 2022, Plaintiff disembarked and reboarded *Explorer of the Seas* for the second cruise. [*Id.* at ¶ 9]. That day the pool opened at 11:00 a.m.; Plaintiff lounged by the pool between 12 p.m. and 2 p.m. [*Id.* at ¶¶ 10-11]. He decided to swim and walked barefoot toward the pool, which was approximately twelve to fifteen feet away. [*Id.* at ¶¶ 12, 15, 16]. At first, Plaintiff did not immediately feel the deck was hot—it is agreed by the parties that Plaintiff has diabetic neuropathy which causes at least some loss of feeling and sensation in his feet. [*Id.* at ¶¶ 1-2, 16]. Once he began to feel the heat, he hurried to get into the water and jumped into the pool even though there were signs expressing a no-dive-or-jump-into-the-pool rule. [*Id.* at ¶¶ 17, 18]. Plaintiff alleges that the lifeguard on duty ordered him out of the pool because he had jumped in, and Plaintiff then walked back to his chair barefoot. The incident took place around 2:30 p.m. while the ship remained docked in Miami and there were multiple crewmembers in the area in addition to the lifeguard. [ECF No. 41 at 9].

The following day Plaintiff sought medical treatment on the ship, and the ship's physician diagnosed him with second-degree burns on the bottom of his feet. [ECF 30 ¶¶ 22-23]. At the time

---

[1] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' submissions, including Royal Caribbean's Statement of Material Facts, Plaintiff's Response to Statement of Material Facts and Royal Caribbean's Reply to Plaintiff's Statement of Additional Material Facts [ECF Nos. 30, 41, 46], deposition transcripts and other evidence in the record.

of Plaintiff's injury Royal Caribbean had "no policy or procedure in place to monitor the deck temperature, on steps to take if a deck became excessively hot, or for spraying/hosing down excessively hot decks." [ECF 41 at 10].

The parties agree that Plaintiff's Complaint alleges that after Plaintiff realized the deck was hot, he immediately "ran to the pool and jumped in because his feet were burning. However, Defendant's employee ordered Plaintiff to get out of the pool because he had jumped in. This, despite, Plaintiff explaining to Defendant's employee what had occurred." [ECF No. ¶ 11]. Plaintiff asserts "the employee nonetheless made Plaintiff get out of the pool and, again, walk over the deck which had just burned him." [*Id.*]. Plaintiff alleges "the incident was solely the result of Defendant and its employees[sic] carelessness and failure to exercise reasonable care. Moreover, in the exercise of reasonable care, Defendant should have known of this danger and warned passengers, including Plaintiff, of it." [*Id.*]. Finally, Plaintiff alleges that as a result he "sustained serious burn injuries to the soles of both feet and necessitated medical care in the ship's Medical Department" and had to seek additional medical help once he returned home. [*Id.* at ¶¶ 12-13].

The Complaint asserts two counts, Count 1, negligence, and Count 2, failure to warn. [*Id.* at 3, 5]. Under Count 1, Plaintiff alleges Royal Caribbean: (1) owed a duty of reasonable care; (2) breached that duty by "allowing the deck area to build up to an excessive and unreasonable temperature and, thereafter, forcing Plaintiff to get out of the pool and walk over the same deck surface which had just caused him injury;" and (3) had notice of the dangerous condition. [*Id.* at 3–4]. Plaintiff argues under Count 2 that Royal Caribbean is liable by failing to warn Plaintiff about the temperatures of the deck and that [t]he excessively and unreasonably hot deck was neither apparent nor obvious to Plaintiff." [*Id.* at 5]. He alleges that he "suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously

existing conditions – past and future; incurred medical expenses in the care and treatment of Plaintiff's injuries - past and future; suffered physical handicap; and lost the value of the cruise," and that the injuries are permanent or continuing in nature.

In moving for summary judgment, Royal Caribbean contends the Complaint and record evidence do not establish a cause of action. First, its duty to exercise reasonable care does not extend to protect passengers from injuries caused by their medical conditions. [ECF No. 31 at 6]. Specifically, "[t]he heat would have been a warning that the ordinary, reasonable person would have felt immediately" but due to Plaintiff's neuropathy, he failed to feel the heat. [*Id.* at 6–7]. Royal Caribbean contends that it was Plaintiff's choice to walk barefoot on the pool deck. [*Id.* at 6–7].

Second, Royal Caribbean argues that it had neither actual nor constructive notice. [*Id.* at 7]. Royal Caribbean maintains Plaintiff cannot establish actual notice because there is no evidence that anyone complained to Royal Caribbean on the day of the incident regarding the temperature of the deck, nor can it be proved that Royal Caribbean created the condition given that the deck became hot because of the sun. [*Id.*]. Regarding constructive notice, Royal Caribbean contends that Plaintiff has not met his burden to establish constructive notice through prior incidents. [*Id.*].

Third, Royal Caribbean argues there is no evidence to support a finding that it was negligent. [*Id.*]. Plaintiff has not tested the deck surface, has not established that the material of the deck in the *Explorer of the Seas* becomes unreasonably hotter than other alternatives, has not proven how rubber mats could have prevented the accident, has not checked the propensity of the deck to become unreasonably hot nor he has presented evidence that "monitoring the temperature is something done in the industry or required by any applicable codes or standards." [*Id.* at 8]. Royal Caribbean asserts it did not force Plaintiff to walk on the deck after he was told to get out

of the pool. According to Royal Caribbean, the lifeguard on duty at the time said he would not force someone to get out of the pool for breaking the rules and would have instead warned Plaintiff not to jump or dive into the pool. [*Id.* at 9]. Royal Caribbean maintains, in any case, there is no evidence that Plaintiff's injuries were proximately caused by him walking, while wet, back to his pool chair. Lastly, Royal Caribbean argues that Plaintiff's claim fails because he has not retained experts to testify as to the applicable industry standards or safety codes that Royal Caribbean allegedly violated and that the sun, not Royal Caribbean or its agents, caused the deck to get hot. [*Id.* at 9].

Finally, Royal Caribbean argues that the hot deck was an open and obvious condition because the ordinary, reasonable person would know that a pool deck could become hot when exposed to the sun. [*Id.* at 9–10]. But even if Royal Caribbean breached a duty to warn Plaintiff, Count 2 must fail for lack of proximate cause because there is no evidence that Plaintiff would have done anything differently if he had been given the warning. [*Id.* at 10].

On the other hand, Plaintiff argues Royal Caribbean had notice of the danger. [ECF No. 42]. Royal Caribbean disclosed in discovery 25 prior similar incidents that occurred in a period of less than 5 years on the same deck surface. [*Id.* at 11]. Plaintiff contends that he need only show that the circumstances of these prior incidents are "substantially similar," not identical. Further, issues of fact exist regarding whether Plaintiff would have done anything different if warned about the hot temperature. Plaintiff testified he would have worn water slippers if properly warned. [ECF No. 42 at 18].

Moreover, Plaintiff also seeks to hold Royal Caribbean vicariously liable for the actions of its lifeguard employee in forcing Plaintiff out of the pool under threat of involving securing and forcing him to walk back over the same deck surface which caused burns to the soles of his feet.

5

[*Id.* at 2]. He asserts he need not establish notice to support his allegation of Royal Caribbean's vicarious liability. [*Id.* at 12]. Further, Royal Caribbean's motion for summary judgment is devoid of argument on the issue of vicarious liability and, thus, it is foreclosed from introducing any argument in the issue in its reply. [*Id.* at 2].

Plaintiff noted it has not alleged that Royal Caribbean owed him a "special warning." [ECF No. 41 at 1, n.1; ECF No. 42 at 7;]. The Complaint alleges the cause of Plaintiff's injuries was the unreasonably hot deck, not his partial neuropathy. In sum, Plaintiff argues the record evidence proves Royal Caribbean was on notice of the danger posed by the decks on its ships reaching unreasonable hot temperatures yet took no steps to address this danger and failed to warn passengers, including Plaintiff, of this danger which was neither open nor obvious. [ECF No. 42 at 18]. Significant questions of material fact preclude the entry of summary judgment. [*Id.*].

In reply, Royal Caribbean argues that Plaintiff has not met his burden regarding prior incidents because there is no evidence that the prior incidents disclosed in discovery involved people with neuropathy. [*Id.*]. [ECF No. 47 at 2]. Regarding Plaintiff's vicarious liability claim, Royal Caribbean argues that taking Plaintiff's allegations as true, the alleged injury occurred as the Plaintiff entered the pool not when he got out. [*Id.*]. Thus, the lifeguard's conduct did not cause the injury, and Plaintiff's vicarious liability claim fails. [*Id.*]. Further, Plaintiff retained no expert to offer any opinions regarding the deck temperature or surface. Thus, he cannot present a genuine issue of material fact to survive summary judgment. [*Id*. at 4].

## II.     LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56. "An issue of fact is 'material' if it is a legal

6

element of the claim under the applicable substantive law which might affect the outcome of the case." *Feijoo v. Geico Gen. Ins. Co.*, 137 F. Supp. 3d 1320, 1325–26 (S.D. Fla. 2015) (citing *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997)). "An issue of fact is 'genuine' if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party." *Id.* at 1326.

The moving party has the initial burden of showing that no genuine issue remains as to any material fact. *Id.* "In assessing whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party." *Id.* (citing *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001)). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); *see also* Fed. R. Civ. P. 56(e).

"The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find for the non-movant." *Feijoo*, 137 F. Supp. 3d at 1326 (cleaned up) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Feijoo*, 137 F. Supp. 3d at 1326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III.   ANALYSIS

"General maritime law governs tort claims, like this one, that arise on ships sailing in navigable waters." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021). When Congress has not spoken on a maritime matter, federal courts rely on common law principles. *Id.* To prove negligence under common law, a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm. *Id.* at 1167–68. "With respect to the duty element in a maritime context, 'a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew.'" *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (*quoting Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a risk-creating condition. *Id.* "Thus, a shipowner's actual or constructive knowledge of the hazardous condition arises as part of the duty element in a claim seeking to hold the shipowner directly liable for its own negligence." *Id.*

**A. Notice**

Royal Caribbean argues that Plaintiff fails to establish that it was on notice of the alleged risk-creating condition. The Court disagrees. "Plaintiff can establish notice by showing that Defendant knew about or had constructive notice of the purported risk-creating condition." *Taylor v. Royal Caribbean Cruises Ltd.*, 437 F. Supp. 3d 1255, 1259–60 (S.D. Fla. 2020) (citing *Sutton v. Royal Caribbean Cruises Ltd.*, 774 F. App'x 508, 511 (11th Cir. 2019)). Plaintiff may show constructive notice by submitting evidence (1) that the risk-creating condition "existed for a sufficient period of time to invite corrective measures" or (2) "of substantially similar incidents in which conditions

substantially similar to the occurrence in question must have caused the prior incident." *Sutton*, 774 F. App'x at 511.

> For a prior incident to be substantially similar, "'[t]he conditions surrounding the . . . incidents' need only be 'similar enough to allow . . . a reasonable inference concerning [Defendant's] ability to foresee this type of [accident] and its results.'" *Williford v. Carnival Corp.*, No. 17-21922-CIV-Cooke, 2019 WL 6250824, at * 3 (S.D. Fla. Nov. 22, 2019) (quoting *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015)). "The substantial similarity doctrine does not require identical circumstances." *Sorrels*, 796 F.3d at 1287.

*Taylor*, 437 F. Supp. 3d at 1260.

Here, Royal Caribbean disclosed 25 similar incidents that occurred between July 20, 2017 and May 14, 2022 on "its fleet of ships limited to pool decks covered with Bolidt – Future Teadk." [ECF Nos. 28; 42 at 11]. Passengers reported suffering "burns to the soles of feet," "blistering to soles of feet," or "discomfort/pain of feet" after walking on the pool deck. [ECF No. 42 at 11]. Royal Caribbean argues these incidents are inadmissible as they are not substantially similar because none of the passengers suffered from neuropathy like Plaintiff. But, as the Eleventh Circuit has explained, the substantial similarity doctrine does not require identical circumstances. *Sorrels*, 796 F.3d at 1287. The doctrine "allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Id.*

The conditions surrounding the incidents need only be similar enough to allow a reasonable inference regarding Royal Caribbean's ability to foresee this type of accident and its results. *See id.* The Court finds that the conditions surrounding the incidents are similar enough to allow Royal Caribbean to foresee that the Bolidt – Future Teadk pool deck surface might become excessively hot and cause passengers using reasonable care to burn the soles of their feet.

The fact that Plaintiff had neuropathy does not negate the fact that Royal Caribbean knew its passengers had been burned by the pool deck surface. Plaintiff, it seems, intends to use this

9

evidence to show that Royal Caribbean was on notice of the excessively hot deck but took no steps to control this risk or warn passengers of the known danger. [ECF No. 42 at 8; ECF No. 1 at 3–7]. Plaintiff does not intend to show through these incidents that Royal Caribbean owed passengers with neuropathy a special warning. Thus, Royal Caribbean's argument that "substantially similar" incidents must involve passengers with neuropathy or sensory issues is unpersuasive. Because the 25 prior incidents create a genuine issue of material fact as to whether Royal Caribbean had constructive notice of the risk-creating condition, summary judgment is not proper.

### B. Open and Obvious

The Court also disagrees with Royal Caribbean's argument that it had no duty to warn because any danger was open and obvious.

> A cruise ship only has a duty to warn of dangers that are not open and obvious. *Krug v. Celebrity Cruises*, 745 F. App'x 863, 866 (11th Cir. 2018). "An open and obvious condition is one that should be obvious by the ordinary use of one's senses." *Id.* Whether a danger is open and obvious is determined from an objective, rather than a subjective, point of view. *Id.* "[C]ourts have ... held that a dangerous condition is not open and obvious where a reasonable person may be aware of the dangerous condition, but the extent of the danger is unreasonable or unforeseeable." *Yusko v. NCL*, No. 19-cv-20479, 424 F.Supp.3d 1231, 1236 (S.D. Fla. Jan. 3, 2020).

*Taylor*, 437 F. Supp. 3d at 1260.

Here, although the risk of walking on a hot pool deck is generally open and obvious, there is a genuine issue of material fact as to whether the Bolidt – Future Teadk flooring becomes unreasonably hot. Royal Caribbean argues that Plaintiff has not retained an expert at this stage to support this allegation, but the experiences of prior passengers can serve to prove the point that the pool deck was excessively hot. The prior incidents may establish that Royal Caribbean was on notice that passengers, including passengers with no sensory issues, sustained burns to the soles of their feet. These prior incidents also create an issue of fact as to whether the danger was as open and obvious as Royal Caribbean contends. Thus, Royal Caribbean is not entitled to summary

judgment in its favor. The Court respectfully **RECOMMMENDS** that Royal Caribbean's Motion for Summary Judgment, ECF No. [31] be **DENIED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), Plaintiff has **SEVEN** days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge.[2] *See generally Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507 (11th Cir. 1990). Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 12th day of February, 2024.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**cc:  U.S. District Court Judge Kathleen M. Williams**

**All Counsel of Record**

---

[2] The objection period has been shortened due to the impending trial date.